UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.V.M., a minor, by and through his next friend EDITH ESMERALDA MEJIA DE GALINDO, on his own behalf and on behalf of others similarly situated,<br><br>                Plaintiffs/Petitioners,<br>v.<br><br>ROBIN DUNN MARCOS, Director, Office of Refugee Resettlement; ALLISON BLAKE, Director, Unaccompanied Children Program, Office of Refugee Resettlement; JEFF HILD, Acting Assistant Secretary for the Administration for Children and Families, U.S. Department of Health and Human Services; XAVIER BECERRA, Secretary, U.S. Department of Health and Human Services,<br><br>                Defendants/Respondents.[1] | Case No. 1:18-cv-01453(PAC) |

## [PROPOSED] ORDER
## AND FINAL JUDGMENT

This matter is before the Court on the Petitioners' motion for final approval of their class action settlement (the "Motion").

The Court, having granted the Petitioners' motion for preliminary approval on September 5, 2023 ("Preliminary Approval Order"), ECF No. 165, and having held a fairness hearing on December 11, 2023 to determine whether the proposed Settlement Agreement is fair, reasonable, and adequate; and having considered the Petitioners' submissions and arguments, including the Motion, the evidence of the record, and applicable authority, orders as follows:

---

[1] Robin Dunn Marcos, Allison Blake, Jeff Hild, and Xavier Becerra are automatically substituted in place of former officials Scott Lloyd, Jonathan White, Steven Wagner, and Alex Azar, respectively, pursuant to Fed. R. Civ. P. 25(d). Defendant Elcy Valdez is no longer employed by the Office of Refugee Resettlement and is hereby dismissed from this action.

**IT IS ORDERED AND ADJUDGED** that the notice plan set forth in the Petitioners' motion for preliminary approval—and as carried out by the parties subsequent to this Court's order preliminarily approving the Settlement Agreement—was reasonably calculated, under the circumstances, to apprise the settlement class of the pendency of this litigation and terms of the Settlement Agreement, and the rights of class members to object to any part of the Settlement Agreement and to appear (either on their own or through counsel hired at their own expense) at the final approval hearing on December 11, 2023; and

**IT IS FURTHER ORDERED AND ADJUDGED** that the notice provided fully satisfied the requirements of the U.S. Constitution, including the Due Process Clause, Federal Rule of Civil Procedure 23, and any other applicable law; and

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion is GRANTED; and

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court hereby approves the Settlement Agreement as fair, reasonable, and adequate in light of all the relevant considerations; and

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court certifies the following class for settlement purposes, "all children who are or will be in the custody of [the] O[ffice of] R[efugee] R[esettlement] in New York State and who are currently housed in a staff-secure facility or have ever been housed in a staff-secure or secure facility," because the class satisfies Federal Rule of Civil Procedure 23 and for the same reasons the court certified the same class in its June 27, 2018 Opinion and Order. The Court also appoints the Petitioners' counsel as class counsel for the settlement class and appoints the named plaintiff as class representative for the settlement class; and

**IT IS FURTHER ORDERED AND ADJUDGED** that the instant action is dismissed with prejudice pursuant to the terms of the Settlement Agreement, ECF No. 164-1; and

**FINALLY,** attached to this Order and Judgment is a copy of the parties' executed Settlement Agreement, which this Court hereby **SO ORDERS**.

So constitutes the opinion of this Court.

                                          **SO ORDERED:**

_Paul A. Crotty_           December 11, 2023
Paul A. Crotty, U.S.D.J.

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| L.V.M., a minor, by and through his next friend EDITH ESMERALDA MEJIA DE GALINDO, on his own behalf and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs/Petitioners,<br><br>　　　v.<br><br>ROBIN DUNN MARCOS, Director, Office of Refugee Resettlement; ALLISON BLAKE, Director, Unaccompanied Children Program, Office of Refugee Resettlement; JEFF HILD, Acting Assistant Secretary for the Administration for Children and Families, U.S. Department of Health and Human Services; XAVIER BECERRA, Secretary, U.S. Department of Health and Human Services,<br><br>　　　　　　Defendants/Respondents.[1] | No. 1:18-cv-01453(PAC) |

**STIPULATION AND [PROPOSED] ORDER FOR A SETTLEMENT AGREEMENT**

　　　　This Stipulation of Settlement ("Stipulation") is entered into pursuant to Rule 23(e) of the Federal Rules of Civil Procedure by and between plaintiff L.V.M., by and through his next friend Edith Esmeralda Mejia de Galindo, on behalf of himself and of a class of similarly situated children (collectively, "Petitioners"), and defendants Robin Dunn Marcos, Director, Office of Refugee Resettlement ("ORR"); Allison Blake, Unaccompanied Children Program Director, ORR; Jeff Hild, Acting Assistant Secretary for the Administration for Children and Families; and Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and

---

[1] Robin Dunn Marcos, Allison Blake, Jeff Hild, and Xavier Becerra are automatically substituted in place of former officials Scott Lloyd, Jonathan White, Steven Wagner, and Alex Azar, respectively, pursuant to Fed. R. Civ. P. 25(d). Defendant Elcy Valdez is no longer employed by the Office of Refugee Resettlement and is hereby dismissed from this action.

1

Human Services ("HHS") (collectively, "Respondents" or "the government," and together with Petitioners, the "Parties");

WHEREAS, Petitioners filed a class action against the Respondents challenging certain government practices and procedures affecting certain immigrant children in government custody in New York; and

WHEREAS, the Court certified a class and issued a class-wide preliminary injunction regarding the ORR director review policy on June 27, 2018 (ECF No. 77); and

WHEREAS, on April 7, 2021, the Court dismissed the action, without prejudice, due to "there having been no [docket] activity since June 3, 2019," and further stated that "[e]ither party shall notify the Court in the event this matter should be reinstated" (ECF No. 131); and

WHEREAS, the Parties desire to settle this matter without the need for further litigation; and

WHEREAS, the Parties agree and represent that this Settlement Agreement is fair, reasonable, and adequate to protect the interest of all parties and the class; and

WHEREAS, the Parties have negotiated in good faith and have agreed to settle this action on the terms and conditions set forth herein; and

WHEREAS, nothing in this Settlement Agreement shall be construed as an admission of law or fact or acknowledgement of liability, wrongdoing, or violation of law by Respondents regarding any of the allegations in the complaint, or as an admission or acknowledgement by Respondents concerning whether Petitioners are the prevailing party in this action by virtue of this Settlement Agreement; and

WHEREAS, no party hereto is an infant or incompetent;

2

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties to this action and their counsel, as follows:

**1. Definitions**

    a. **The class** means "all children who are or will be in the custody of [the Office of Refugee Resettlement] in New York State and who are currently housed in a staff-secure facility or who or have ever been housed in a staff-secure or secure facility." *L.V.M. v. Lloyd*, 318 F. Supp. 3d 601, 615 (S.D.N.Y. 2018).

    b. **Director Review Policy** means an ORR policy "requiring [the ORR Director]'s personal approval prior to release of UACs who are housed in a staff-secure facility or have ever been housed in a staff-secure or secure facility." *L.V.M.*, 318 F. Supp. 3d at 608–09.

    c. **UC** means an Unaccompanied Child, as used and defined in the Homeland Security Act of 2002 (referred to as an "unaccompanied alien child" therein), which created the Unaccompanied Children's program at ORR. A UC is a child who has no lawful immigration status in the United States; has not attained 18 years of age; and with respect to whom there is: (1) no parent or legal guardian in the United States; or (2) no parent or legal guardian in the United States available to provide care and physical custody.

    d. **UC case file** means the entire file ORR maintains on a UC in its custody, which is available upon request to individual counsel representing an individual UC. The information included in a case file is described in section 5.6.2 of ORR's manual *Children Entering the United States Unaccompanied* (section last modified May 31, 2022).

3

  e. **Length of care** means the entire time a UC spends in ORR custody, even if in multiple facilities.

2. **Agreement to Abide by the Court's Preliminary Injunction Vacating Director Review Policy for the Length of This Settlement Agreement**

Respondents agree to continue to abide by the terms of the Court's June 27, 2018, preliminary injunction (ECF No. 77) as it applies to the class for the duration of the Settlement Agreement. Consistent with this provision, Respondents agree that the Director Review Policy will remain vacated and will not be reinstituted for the length of this Settlement Agreement.

3. **Reporting and Monitoring**

  a. **Tracking and Reporting Class Members.** Respondents agree to provide class counsel with a monthly list of class members in ORR custody and currently residing in a New York based ORR program for the length of this Settlement Agreement. Respondents will include each class member's first and last name, A-number, date of birth, country of birth, the date the class member first entered ORR custody, gender, the date the class member is admitted to a specific program, program type, and program name.

  b. **UC Receiving Attorney Assistance.** Respondents will provide Petitioners' counsel with an ORR email address that counsel may use to inquire whether a member of the class is receiving legal assistance by counsel based on documentation provided to ORR by the attorney.

4. **Notice to the Settlement Class**

Respondents shall post notices in areas prominently visible to class members and service providers working with class members at all facilities housing class members in New York State

in the five (5) written languages most commonly used by UCs at those facilities. The notice, attached as Exhibit B to this Settlement Agreement, informs class members:

    a. Which UCs fall within the *L.V.M.* class covered by this Settlement Agreement;

    b. The rights and protections guaranteed under this Settlement Agreement; and,

    c. Instructions for contacting class counsel.

5. **Enforcement**

The Parties commit to work in good faith to avoid enforcement actions. If Petitioners believe Respondents are not in compliance with a provision of this Settlement Agreement, Petitioners shall give notice to Respondents in writing and shall state with specificity the alleged non-compliance. Upon Respondents' receipt of such notice, the parties will promptly engage in good-faith negotiations concerning the alleged non-compliance and appropriate measures to cure any non-compliance. If the parties have not reached an agreement on the existence of the alleged non-compliance and curative measures within thirty (30) days after receipt of such notice of alleged non-compliance, Petitioners may seek all appropriate judicial relief with respect to such alleged non-compliance. If Respondents cure any alleged non-compliance within 30 days of receipt of written notice of the alleged non-compliance, the parties agree that no breach of this Settlement Agreement will have occurred, and no cause of action for breach of agreement will lie.

Notwithstanding the dispute resolution procedures set forth above in this paragraph, if exigent circumstances arise Petitioners may seek expedited judicial relief against Respondents based upon an alleged breach of this Settlement Agreement upon three (3) business days' prior notice to counsel for Respondents. "Exigent circumstances" shall mean circumstances where

Petitioners' counsel becomes aware of a violation of this Settlement Agreement (i.e., where the Director-Level Review policy has been reinstated) and that violation has delayed or threatens to delay the release of a class member from ORR custody.

For potential future attorney's fees and costs incurred in enforcing Respondents' compliance with this Stipulation and the Court's Order, Respondents shall pay Petitioners' reasonable attorney's fees, but in no event shall fees exceed $100,000 per year.

The failure by any party to enforce any provision of this Settlement Agreement with respect to any deadline or other provision herein shall not be construed as a waiver of that party's right to enforce all deadlines or timing-related provisions of the Settlement Agreement.

### 6.   Modification

This Settlement Agreement may not be modified without the approval of the Court.

### 7.   Settlement Term

This Settlement Agreement is effective immediately upon the final approval of the Court and shall expire three years from the date of such approval.

### 8.   Fees and Costs.

The government shall pay Petitioners' counsel $110,000 in attorney's fees and costs for this matter. Petitioners' counsel agrees to cooperate with counsel for the government in promptly providing additional reasonable information needed for requesting payment and transmission of funds. The parties agree that this Stipulation shall resolve all claims for attorney's fees and costs accrued as of the time of this Stipulation.

### 9.   Interpretation

The Parties acknowledge and agree that they have all had the opportunity to have this Settlement Agreement reviewed by counsel of their choosing. Therefore, the normal rule that

ambiguities are construed against the drafter shall not apply in connection with interpretation and construction of this Settlement Agreement.

### 10. Binding Agreement

This Stipulation shall be of no force and effect unless and until it is granted final approval by the Court. The Parties aver that the counsel signing this Stipulation on their behalf have the full authority to enter into this Stipulation and to sign it on their behalf. Upon entry by the Court, this Stipulation is final and binding upon the Parties, their successors, and their assigns. This Stipulation may be signed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Facsimiles and/or PDFs of signatures shall have the same force and effect as original signatures and constitute acceptable, binding signatures for purposes of the Stipulation.

### 11. Reinstatement, Dismissal, and Retention of Jurisdiction:

The parties agree that this action shall be reinstated for the purposes of the final settlement approval process, then, upon final approval by the Court, dismissed as to the Respondents pursuant to the terms of this Settlement Agreement. This Court shall retain jurisdiction over the Settlement Agreement for enforcement purposes. The parties agree that their entering into this Settlement Agreement is conditioned on the Court retaining enforcement jurisdiction, and they agree that the Settlement Agreement therefore shall not be effective if this provision retaining jurisdiction for settlement purposes is not present in the final order of dismissal.

### 12. Notifications to Counsel

Notices and other written communications pursuant to this Settlement Agreement shall be in writing. Notices shall be addressed to the attorneys of the respective parties specified in the

signature pages of this Settlement Agreement. In the event that any substitution is to be made in counsel to receive communications under this Settlement Agreement, all counsel shall be informed, and the name and contact information for substitute counsel shall be provided.

8

Dated: New York, New York
      August 1, 2023

New York Civil Liberties Union
  Foundation

By: _____
ROBERT HODGSON
CHRISTOPHER DUNN
ANTONY GEMMELL
AMY BELSHER
JP PERRY
GUADALUPE AGUIRRE
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300
rhodgson@nyclu.org

PAIGE AUSTIN
Make the Road New York
301 Grove Street
Brooklyn, NY 11237
(718) 418-7690

*Counsel for Petitioners*

Dated: New York, New York
      August 1, 2023

    DAMIAN WILLIAMS
    United States Attorney
    Southern District of New York

By: _____
    REBECCA TINIO
    JEFFREY S. OESTERICHER
    Assistant United States Attorneys
    86 Chambers St., 3rd Floor
    New York, New York  10007
    (212) 637-2774/2695
    rebecca.tinio@usdoj.gov
    jeffrey.oestericher@usdoj.gov

    *Counsel for Respondents*


SO ORDERED:

_____
HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

Dated:  New York, New York
      December 11, 2023


New York, NY 10177

(212) 415-9200

9